IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMES CLAYTON NELSON, #148 536      *

    Plaintiff,                                            *

        v.                                            * CIVIL ACTION NO. 2:05-CV-904-T
                                              (WO)

ALABAMA BOARD OF PARDONS AND        *
PAROLES, *et al.*,

                                             *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, James Nelson, files this action under 42 U.S.C. §1983.   Named as

defendants are the Alabama Board of Pardons and Paroles and Parole and Probation

Officer Ernest Gonzales.   Plaintiff complains that Defendant Gonzales, a probation and

parole officer in Fayette County, Alabama, placed false and erroneous information in his

prison file about sexual crimes he never committed.   Plaintiff requests that this false,

erroneous, and/or misleading information be expunged from both his pre-sentence

investigation report and his institutional file.

The actions which form the basis of the instant complaint occurred in Fayette

County, Alabama. Fayette County, Alabama is located within the jurisdiction of the United

States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court

concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from the allegations in the complaint that the actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama and that the only defendant against whom this action may proceed properly resides within the jurisdiction of the United States District Court for the Northern District of Alabama.[2]   Moreover, it appears from Plaintiff's recitation of the facts

---

[1]In light of the 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

[2]*See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (the Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought).

that a majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, it appears from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.[3]

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 18, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is

---

[3]In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 5th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE